Judge Tucker.
The object of the appellant’s bill of injunction, was to be relieved against a judgment at law on a bond given in part of the purchase of a tract of land sold to him by the appellee, with warranty, by certain metes and bounds in the deed expressed, within which there was a deficiency of about one hundred acres, for which the appellee had not obtained a patent, though apparently entitled to one under the will of his father, whose title to a patent for the same, as far as appears to the contrary, was, as far as depended upon him, complete at the time of his death, though the six months required by law for a survey to remain in the office, had not then elapsed-
The father of the appellee, in his will, makes mention of his leaving both patented and unpatented lands, constitutes the appellant his executor, and expresses his peculiar confidence in him in the management of the trust reposed in him, and in the peculiar care he hopes he will take of his younger children, to whom he most earnestly recommends them.
There is no charge, neither is there any proof of. fraud, imposition, or concealment, at the tiine of the bargain, (which appears to have been many years in contemplation of the appellant,) at least, on the part of the appellee. The desire of the latter to sell by the itere, and the former to purchase in gross, are circumstances which tend to confirm tb,e idea, that the transact tion on the part of the appellee was perfectly fair and unimpeachable ; and that he was perfectly ignorant that he had not a legal title to that part of the lands fop which his father had taken all necessary steps to obtain a patent in his life-time, and probably was prevented from so doing, only by his death. Whether the appe’i *395 lant was equally ignorant, is not altogether so clear to my mind. The trust reposed in him creates a presumption that he might, perhaps ought, to have informed himself of circumstances which regarded the interest of his testator’s estate, and his children committed to his care. The contiguity of his own land to that which he sought to purchase, and his having been present at a survey thereof, made by his testator’s direction in his life-time, strengthen this presumption. His locating the spot; then withdrawing his location, and suffering it to run out of date ; succeeded by the location of his brother on the part of his own warrant, connected with this bill of injunction, are all circumstances which bear a suspicious aspect at the least. The rejection of the appellee’s offer to rescind the contract upon being paid the money he had received, is by no means calculated to dissipate or repel these grounds of suspicion. And if he did indeed declare that he would not take more than double the money he was to give for the whole, at the very time he was complaining of the deficiency, it must be admitted that lie was more willing to ask, than to do equity. It is unnecessary to decide whether all these circumstances taken together, ought not to preponderate against his claim for relief; because he has, in fact, shewn no eviction, nor any Superior title in any other person. The appellee’s title against the Commonwealth, for any thing appearing on this record, is indisputable, and requires nothing but the actual emanation of a patent to render it complete, both at law, and in equity. No entry or location made subsequent to the death of his father, can affect it, unless for some cause for which a caveat might have been entered. Nothing of the kind is even alleged, much less proved. John Yancey"s location, if actually made, (which certainly does not appear in such manner in the record as to be available,) does not appear to .have been perfected or proceeded upon. I therefore *396 ^infc the Chancellor’s decree, dismissing the bill of in* junction, ought to be affirmed.
Judge Roane concurred in affirming the decree of tho Superior Court of Chancery.
Judge Fleming also concurred.
By the whole Court, the decree of the Superior Court of Chancery for the Staunton district affirmed.